Case number 19-6284, Wilton Rhea v. W Tenn Crime and Drug Task Force, et al. Arguments not to exceed 15 minutes per side. Mr. Hutton, you may proceed for the appellant. Good morning, Your Honor. I'm Robert Hutton. I'm presenting the appellant, Wilton Rhea, and I've requested three minutes for rebuttal. Your Honors, this court presents two general types of issues for the courts of the side. The first group of issues concern whether or not the West Tennessee Violent Crime and Drug Task Force is the type of entity to be included in federal court for violations of federal law. The second group of issues concern whether or not Mr. Officer Rhea's claims under the Federal Wage and Hour Law are barred by sovereign immunity under the 11th Amendment. Now, with respect to the first group of claims, the court has to look at Rule 17 of the Federal Rules of Civil Procedure. That's the rule that outlines what we call capacity to be sued. The general rule under that rule is that you look to state law to determine whether or not an entity can be sued. That's the general proposition for determining whether an entity has capacity to be sued. However, there's an exception, and that's Rule 17b3a. It says, with respect to a partnership or an unincorporated association, they can be sued under federal law for violations of the federal constitution or federal law, even if they couldn't be sued and didn't have the capacity under state law. Now, the district court ruled the task force could not be sued either under state law or under this exception. With respect to state law, he found that there was a sentence in the sort of operating agreement that were the DAs when they created the task force. There's a sentence in there that says it should not be considered to be a separate entity. And then with respect to the general catch-all exception, the district court followed the reasoning of the 11th Circuit in Bean v. Barber and held that this exception should not apply to associations of governmental entities. I'd like to address today why the district court was incorrect on both of those issues. Now, starting with the state law issue, there is a state statute called the Interlocal Cooperation Act that allows governmental entities to cooperate. It basically says two cities, two types of governments can cooperate. And they can cooperate in such a way that it doesn't create a separate entity, or they can cooperate in such a way that it does create a separate entity. And the statute expressly states they can cooperate in such a way that creates entities including but not limited to corporate structures. So, the statute does contemplate that under Tennessee law, governmental entities can cooperate in such a way that it makes a separate entity that is not a corporation. The only other kind of structure under Tennessee law that could be would be an unincorporated association. An unincorporated association is basically a group that comes together and forms something that acts in many ways as if it is an incorporated body, a separate entity. That's exactly what we have with the West Tennessee Drug Task Force. It has its own property and its own name. It can sign agreements, binding agreements. Now, the district court's rationale was that in that agreement, there's a specific line that says, well, this should not be construed to be a separate entity. But we would see that if you look at the totality of Tennessee law, that it isn't dispositive how a group characterizes itself. It's whether or not what it does is, in effect, makes it a separate entity. So, if you look at the partnership law, the vast case under Tennessee law, it doesn't matter whether the group people call themselves partners in the agreement. They can even deny they're partners. It's whether or not what they do in the agreement constitutes what is a matter of law is a partnership. Same thing is true with conspiracy law. Three people write out a plan how they're going to rob a bank. It doesn't matter if they put a sentence in there that this is not a conspiracy. It's not what you characterize it as. It's what it does. If we look at this task force, it has all the attributes of an unincorporated association, much more so than the other task force referenced in the Timberlake case, which is a different task force. It has its own employees, essentially authorizes that, and it can own real property. But, Your Honors, even if the district court was wrong on that particular point, even if Tennessee law would not recognize this as a separate entity, we should have been allowed to file suit under 17B3A. Because that is an important catch-all under federal law that allows suits in federal court, even if they would not be allowed under state law. We see that Rule 17B3A specifically says that a partnership or an unincorporated association can sue or be sued in federal court for violations of the constitutional and federal statutory rights. Now, the district court, there was no denied relief on this instance because it followed the rationale of the 11th Circuit in 1992 case, actually in that case of Payne v. Barber, that held that this rule does not apply to associations of governmental entities. That is wrong for three reasons. First of all, that's not what the rule says. Secondly, from a policy consideration, that carte blanche excludes many law enforcement groups from federal review, which is a form of policy recount. And third, when it looks at the cases cited by the 11th Circuit, the rationale doesn't make sense. Starting with the first one, the language of the rule. The rule says nothing about governmental units. The rule expressly states, quote, a partnership or unincorporated association with no such capacity under state law may sue or be sued in its common name to enforce a substantive right existing under the United States constitutional laws. Your Honor, not only does that say nothing about not being able to sue governmental units, I would submit that the language implicitly recognizes that you can. Because if you think about it, the rule expressly allows a suit against an unincorporated association for violating the United States Constitution. The only kind of unincorporated association that could violate the United States Constitution would be an association of governmental actors, because only the government can violate one's constitutional rights. So specifically, it's kind of implicitly in that exception that it recognizes that you can sue an association of governmental entities. And it would be odd under the federal rules if you can sue governmental units under the federal rules. You can sue cities under the federal rules as a procedure. It would be odd to sort of bootstrap in something that says, well, you can't sue an association of governmental entities, even though you can sue a governmental entity directly. Secondly, Your Honors, is the policy considerations. What the 11th Circuit has done is cart launch excluded from federal view. You can't even sue a task force under their rule. Now, there are lots of task forces today. Not just the one we're talking about, but groups of federal and state groups working together in law enforcement or different cities working together in law enforcement. What this particular rule means, no matter how egregious the violation of federal law, you can't sue the task force. Now, in this case, it was wage and hour law. But let's suppose the task force had a policy. We're not going to hire women. We're not going to promote. We're not going to hire African-Americans. Or even we're going to have a policy as a task force that we're only going to search cars of African-American citizens. Under the 11th Circuit's interpretation of their rationale, you can't sue the task force as a defendant. There'd be no damages remedy for people, no matter how egregious the law enforcement action is. The policy matter, particularly in this particular date and time, we're looking even more closely at sort of judicial. There's a concern about examining the actions of law enforcement departments. It's especially important that the court not create additional barriers to at least examining whether or not law enforcement groups are violating federal law. Council, what? Why? Why aren't all those interests served by the fact that you can sue the. I'm sorry, your honor, that the video kind of broke out. I think I heard your question was, why is that? Are those interests not the fact that you can sue the underlying forms that created the entity? This case would be a good example of that, because if you think about in this case, reformers or district attorneys were prosecutors. They created that form, this separate entity, and they, under the law, typically would have 11th immunity. There could be other immunity, particular concerns. So, your honor, but there could be, though, in this particular case, though, the task force is a separate entity, which we submit it is, it has all the indicia of being created as a totally separate entity. Then there needs to be the ability to sue that particular entity. I didn't hear. I don't know about anyone else, but I'm having a lot of reception difficulty here. I didn't hear your answer to my question. You said in this particular case, the three districts, and then I lost you. Your honor, can your honor hear me now? Is do we have a connection? I can't. The question is, I thought your honor was asking was, why do we need to be able to sue the entity? We can sue the underlying people that basically formed the task force. You can also sue the individuals who do something wrong. Well, your search example. Yes, your questions, you know, you could suppose that the task force had a particular policy that it would not promote African Americans or promote. That particular is the policy itself of the entity. The problem that we have is that the 3 people that came together to form this entity were district attorneys and typically district attorneys have a lot of community and then the community for damages. But in this particular case, they came together and they formed an entity under state law and the entity that they formed under state law is a separate particular entity that has its own budget. It creates generates some money through forfeitures. And so it is a separate entity that can't be sued. If the court follows the 11th Circuit rationale, and that entity could not entity could not be sued. And so, your honor, I don't know if that answered your honors. The other thing would be that this is precisely the rule allows rule expressly allows suing unincorporated. Otherwise, could not be sued under state law. You know, the other the other thing I'd like to point out is a rationale. It's like, it's 2 cases, which have nothing to do, but you can sue government units. The footnote sites, the United Mineworkers case, which was a Supreme Court case that was decided 13 years before the rule was even written. And all that that case said was in the federal court. You just have to sue a labor union and nothing to do with government. They also cited the Erie case, which is a 3rd Circuit case, and not even the holding of the panel. The panel's holding was a standing issue. Decided a concurrence where Judge Adams in 1974 basically said that he would view this as a question of capacity to be sued. So, if you look at the rationale of the 11th Circuit, there's nothing in that particular case that said that the rationale of the 11th Circuit doesn't make sense. So, we're specifically asking that that not be adopted. Your Honor, I see that I'm out of time. Thank you. Good morning, Your Honors. My name is James Newsome of the Tennessee Attorney General's Office. We represent the Tennessee District Attorney's Generals, Brown, Wyrick, and Goodman, each sued in their official capacities, and the West Tennessee Violent Crime and Drug Task Force, who are dependents below. Your Honors, to take up Judge White's question, we think that it is appropriate. And normally, a governmental entity would be able to designate that area or that level at which it is. Excuse me, but there's a firetruck going by. Can you hear me? Yes. Normally, a governmental entity would be able to designate that level at which it should be sued. For instance, it would be inappropriate in a case against municipal police officers to sue the police department. One sues the municipality itself. And under these circumstances, the plaintiff below, Mr. Ray, first sued the Violent Crime and Drug Task Force, where really the proper party to be sued under the analysis of Dean versus Barber were the district attorney's generals themselves. We submit that the plaintiff cannot point to any authority that supports his contention that an intergovernmental entity that has complied with applicable state law in forming an intergovernmental entity is suable as a separate legal entity where the formational documents, as is the case here, says that the entity itself was not to be treated as a separate entity. Counsel, let me interrupt a minute. Yes, Judge. Following your arguments to its logical conclusion, are you saying then that there's nobody that this plaintiff could sue? Well, Your Honor, the proper party to be sued in this instance was the party that they eventually got around to suing, which was the district attorney's general. Now, of course, it presents a problem for the plaintiff under these circumstances because the district attorney's general are arms of the state and they are entitled to sovereign immunity. So that gets back to my question, then, is there anybody that this plaintiff could sue? There are cases like sometimes if the state does something and they have 11th Amendment immunity, you may just be out of luck. There are cases in which somebody who has a cause of action has nobody left to sue. Is this one of those cases? It is, Your Honor. Now, many courts have held that, for instance, the parties in the position of the district attorney's general here are subject to suit but cannot be held liable for money damages. But in this circumstance, Your Honor, we would submit that the issue is, Judge God, that the plaintiff is just unable to recover for damages for an alleged Fair Labor Standards Act claim under principles of sovereign immunity. Tennessee has not expressly waived its sovereign immunity. As a matter of fact, Tennessee has a statute codified at 2013-102A that says that the state does not expressly waive its immunity. Now, is there an implicit labor under the circumstances? And we would argue, no, that there is nothing in the litigation conduct of the defendants in this case that indicates that it would result in an unfair consequence or risk inconsistency or unfair tactical advantage such as was the case in the Lapidus case. And, Your Honor, although it's an unpublished decision, the Agrawal case from 2019 holds that Lapidus should be restricted to, in essence, its facts. And that under these circumstances, there is no abrogation for removal of immunity by removal from state court to federal court as was done here. Your Honor, it would only be fair under the circumstances that the state of Tennessee is entitled to avail itself of a federal forum under these circumstances to decide these issues. Counsel, if I could sort of let's go to the sort of the specifics of a person who is an employee of the state to see let's sort of cut to the chase that there's a lot of evidence. This man is really an employee of Shelby County or the 30th District Attorney General. Does Tennessee have laws that give him any rights? First, from employment perspective, that is, are all Tennessee employees just out of luck because they can't have any protection from the state of Tennessee? And then alternatively, because it was an FLSA claim, is it simply that Tennessee has no obligation to any of its employees under FLSA? Let me be clear, Your Honor. Under these circumstances, and the record shows Mr. Ray was a criminal investigator who was an employee, not of the county, but of District Attorney General Amy Weirich. Now, it is the policy of the department to comply as much as possible with the general law that FLSA has. But under these circumstances, the District Attorneys General are not subject to suit. And to be frank, Mr. Ray is out of luck in terms of his damage claim that he is asserting under the Fair Labor Standards Act. There is no corollary state Fair Labor Standards Act of which we are familiar, Your Honor. Let me go forward from there. Well, Your Honor, under the circumstances of the task, the District Attorneys General complied in all regards with the Tennessee Intergovernmental Cooperation Act that my colleague Mr. Hutton referred to. There's no indication that they failed to do so. As a matter of fact, it says in the document that created this entity that they were not creating the entity as a separate suable entity under Tennessee law. And the Intergovernmental Act, and there is a similar Intergovernmental Act in Michigan, in Ohio, in Kentucky, and Tennessee, all the states in the Sixth Circuit. So there, under these circumstances, the proper party to be sued were the District Attorneys General. The initial lawsuit... Counselor, you keep referring to under these circumstances. Yes, Your Honor. Is part of the circumstances that, and correct me if I'm wrong, that almost everybody in the task force is an employee elsewhere? Is Heldorfer even a separate task force employee or are there other employees that are truly paid by the task force? Yes, Your Honor. Mr. Heldorfer, Chief Heldorfer, was the chief criminal inspector for General Weyrich. He was an employee. He's now retired of General Weyrich. So yes, he is or was at the time, an employee of the District Attorney General, and therefore a state employee, as is or was Mr. Ray under these circumstances. Again, I apologize, but those are the facts here that both Mr. Ray and Chief Inspector Heldorfer were state employees employed by District Attorney General Weyrich of the 30th Judicial District at Memphis, Your Honor. So, altogether, Your Honor, Dean, contrary to what counsel says, is good authority that under these circumstances, this fits nicely within Rule 17B3 and the law of the state control on the issue of capacity to be an employee. And, Your Honor, the law just simply does not support counsel's suggestion that this entity, this governmental entity, should be treated as an unincorporated association under Rule 17B3A. And the case law so holds. Now, the cases out of Ohio involving an entity called ASCORT are readily distinguishable from this circumstance because that was a private entity, in essence, a benevolent police association entity, which was not a governmental entity. And so, under those circumstances, that is quite different from this situation because here you have the District Attorney Generals who created the task force following the provisions of Tennessee law were all District Attorney Generals. They were all state employees, as was Mr. Ray, while he was employed by the Attorneys General as a criminal investigator, Your Honor. So, all things considered, the state does enjoy sovereign immunity. The District Attorneys Generals enjoy sovereign immunity. And if the court has any further questions. Well, is that weighed by the removal to federal court? It is not, Your Honor. There is a split of authority in the circuits. The Ninth Circuit has held in Walden v. Nevada that a per se rule of removal should result in a waiver. Your Honor, the Ninth Circuit in that case found that that could result in unfair consequences. But, Your Honor, we would suggest that the better rule, the more well-reasoned rule, is the one that's adopted by the other circuits, particularly the First Circuit in the Bergman case, where in that circumstance, the state had maintained a consistent across-the-board position. And that there was no waiver by litigation conduct. Judge Celia said that in essence, that the state of Rhode Island there should not be required to choose between its right to assert immunity from suit or its right to a federal forum, which he referred to as a Morton's Fork. And under these circumstances, Your Honor, again, we think that the better-reasoned rule is the one that in essence has been adopted by the First Circuit, the Second Circuit in Beaulieu, and the D.C. Circuit in Waters, the Fourth Circuit in Stewart, and the other circuits that have determined the issue, which include the Third Circuit in Lombardo, the Fifth Circuit in Myers, the Eighth Circuit in Church v. Missouri, and so forth, Your Honor. We submit that there is not a waiver as a result of removal. Well, Counsel, do you even need that? The AGs didn't remove. They weren't added as a defendant until after the removal. That's correct, Your Honor. That is correct, Your Honor. And I would add that the AGs consistently asserted from the beginning they were immune from suit. So we think that Your Honor's question is very perceptive, and we agree with the point that it was certainly never a waiver on the part of the District Attorneys General under these circumstances, Your Honor. And as you point out, the District Attorney Generals were not responsible for the removal. It was Mr. Ray who added the District Attorneys Generals as defendants in their official capacity, Your Honor. Again, we appreciate your time this morning, Your Honors, and thank you for the ability to participate remotely in this argument. Thank you. Rebuttal. Your Honor, to follow up on Judge Guy's question, my colleague just mentioned that the prosecutors are immune from suit. What that means with this task force is there's no remedy. This task force could go out and have a policy of only stopping African-American vehicles, only searching African-Americans, bullying and terrorizing officials, blatantly violating federal law, and according to the state's position, there's no remedy. Because they say you can't sue the task force because it's not an entity, and you can't sue the District Attorneys General because they have sovereign immunity. Even though they're not acting like prosecutors, they're basically creating a law enforcement group. And it's important to note that this group is an ongoing body of police officers. My client was a dog handler that worked for this group. It owns real property in its own name. If so facto, that must mean that it's a separate entity. The property is not titled in the name of the Attorney General's office. It has its own funds that it collects through forfeiture. It has the authority. If you look at the joint agreement, it has the authority to have its own particular employees. Your Honor, it would be a terrible decision. Counsel, does it in fact own any property or have any employees? That's why I asked about even the leader, Helldorfer. My colleague, and Your Honor, I took this on a case on appeal, but my colleague is here. He said that is correct. I know that the joint agreement specifically authorizes them to have employees. And I know that the money for running the task force comes through the forfeiture, not through the state treasury. I'm sorry, I didn't catch that word. You said it comes from who? Forfeiture. In other words, it comes from forfeiture money. My understanding is that these employees were handled as if they were county employees. They weren't on the state system. I don't want to make a representation. I was focusing more on the structure of the agreement. I understand that's what the agreement says. I'm just, you know, certainly a possibility that an entity that, you know, has a six-story building in Nashville and hundreds of employees in its own name might be treated differently than this task force. But that would depend upon facts. I was just asking how much we knew about the facts here. We know that it has the authority to own real property. It has the authority to own employees. And it acts as an ongoing law enforcement agency. I would submit, Your Honor, also, it can't have it both ways. If it's not an entity, then it was the district attorneys all along. Answering following Judge Guy's question. So, that it was the DAs. They can't take the position that DAs weren't added later, but also take the same position that the task force is nothing more than the DAs acting. So, either way, if it's not a separate entity, it was the district attorney's action that removed the case to federal court. I see that I'm out of time. Thank you. Thank you. The case will be submitted.